## Eugene A. Pfeiffer, Defendant in Error, v. Hudson Manufacturing Company, Plaintiff in Error.

### Gen. No. 21,603. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed February 7, 1917.

### Statement of the Case.

Action by Eugene A. Pfeiffer, plaintiff, against the Hudson Manufacturing Company, defendant, to recover wages. From a judgment for plaintiff for $601.03, defendant brings error.

LANNEN & HICKEY, for plaintiff in error.

LEE J. FRANK and MARY LEE COLBERT, for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 84*—*when evidence sufficient to sustain finding that no deduction from salary of servant should be made for absences*. In an action by an employee against his employer, a corporation, to recover wages, where it appeared that plaintiff was in defendant's employ for seven or eight years and had been paid up to the time of leaving the employment without any question being raised as to certain absences from work, which were known to the employer and were in part with consent of the employer's president, and more than a year after his last absence the employer rendered him a statement of account which

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

included the periods of absence, but without any deduction from his wages because thereof, and no objection on account of such absences was raised until after he had left the employment, evidence *held* sufficient to sustain the finding of the jury in favor of the plaintiff that no deductions from his salary for his periods of absence should be made.

2. Costs, § 67*—*when statutory damages for prosecuting appeal for delay will be assessed.* Statutory damages should be assessed where the grounds presented for reversal are so clearly without merit as to force the conclusion that they were brought for the purpose of delay.